998 F.2d 7
 302 U.S.App.D.C. 389
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Olayinka O. SOBAMOWO, Appellant.
 No. 91-3325.
 United States Court of Appeals, District of Columbia Circuit.
 June 25, 1993.
 
 Before: MIKVA, Chief Judge; WALD and RUTH B. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed September 27, 1991, be affirmed. The court correctly concluded that appellant's claim of errors on the part of this court in disposing of his prior appeals was not cognizable in a motion for collateral review of his conviction. Cf. Quinn v. United States, 500 F.2d 387 (5th Cir.1974) (per curiam) (claim challenging dismissal of appeal after appellant escaped from custody not cognizable in section 2255 motion filed in district court). The court also properly rejected appellant's unsupported claims of conspiracy among the court, the government, and appellant's counsel, aimed at securing his conviction. Cf. United States v. Vecchiarello, 536 F.2d 420, 425 (D.C.Cir.1976) (unsupported, speculative claims of judicial bias properly denied without hearing in section 2255 proceeding). The court properly exercised its discretion in refusing to consider appellant's claim of ineffective assistance of trial counsel, a claim considered and disposed of in prior post-conviction proceedings. See Sanders v. United States, 373 U.S. 1, 17-19 (1963).
 
 
 3
 We further conclude that appointed appellate counsel did not render ineffective assistance on direct appeal. See Page v. United States, 884 F.2d 300, 301-02 (7th Cir.1989). As appellant has failed to demonstrate any other cause that would excuse his failure to raise his remaining claims on direct appeal, or any actual prejudice resulting from the claimed errors, he is precluded from asserting those alleged errors in a collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Even were his claims not barred by this procedural default, appellant has not demonstrated, regarding the proceedings relating to his conviction, a "fundamental defect" of the kind that would justify relief under 28 U.S.C. § 2255. See United States v. Pollard, 959 F.2d 1011, 1020 (D.C.Cir.), cert. denied, 113 S.Ct. 322 (1992).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.